UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOE ALTER,

             Plaintiff,

    v.

FEDERAL COMMUNICATIONS
COMMISSION,

            Defendant.

Civil Action No. 24-0745 (AHA)

**DEFENDANT'S MOTION TO DISMISS**
**AND MEMORANDUM IN SUPPORT THEREOF**

By and through their undersigned counsel, Defendant respectfully moves to dismiss this action pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6).

Plaintiff, Joe Alter, a California resident acting pro se, brings this action against the Federal Communications Commission ("FCC") to "[c]ompel the FCC to revoke Fox Corp[.]['']s broadcasting licenses immediately until they can put a plan into place to correct the damage, they have done to the American public that is satisfactory to this court and put in place a plan to stop doing this kind of reckless damage to the truth moving forward." Compl. (ECF No. 1) ¶ 18. Alter also requests that the Court compel discovery "relevant to false programming to convey a political narrative that [Fox Corp.] continue[s] to this day, being mindful of the fact that they FOX was sanctioned in the Dominion case for intentionally withholding such information key from the plaintiffs." *Id.* ¶ 19.

The Court should dismiss Alter's Complaint for lack of subject matter jurisdiction and for failure to state a claim. First, Alter has not asserted a valid basis for the waiver of the United States' sovereign immunity. Second, though Alter does not assert a violation of the Administrative

Procedure Act ("APA"), the only viable method to challenge an agency action is through the APA.

Nonetheless, Alter has not identified an agency action he is challenging, and he has failed to

exhaust administrative remedies—he has neither filed an objection to Fox's most recent license

renewal application nor has he sought to revoke Fox's licenses through FCC processes or

procedures.  What is more, jurisdiction to review FCC actions rests exclusively in the United States

Courts of Appeals.  Finally, Alter lacks standing because he has not alleged requisite harm due to

Fox's broadcasting.  On these bases, Alter is without relief and the Court should dismiss his claims.

Dated: January 24, 2025
      Washington, DC

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: _____/s/ Dedra S. Curteman_____
    DEDRA S. CURTEMAN, D.C. Bar #90021492
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2550

*Attorneys for the United States of America*

# TABLE OF CONTENTS

Table of Contents .................................................................................................................. iii

Table of Authorities ............................................................................................................ iv

Background ........................................................................................................................... 2

Legal Standards .................................................................................................................... 5

    I.      Rule 12(b)(1) ........................................................................................................ 5

    II.     Rule 12(b)(6) ........................................................................................................ 5

Argument .............................................................................................................................. 6

    I.      Alter Has Failed to Assert a Valid Basis for the Waiver of the United States'
           Sovereign Immunity. ........................................................................................... 6

    II.     Alter Failed to Exhaust His Administrative Remedies. ....................................... 6

    III.    Alter Does Not Have Standing. ............................................................................ 9

Conclusion .......................................................................................................................... 10

## TABLE OF AUTHORITIES

Cases

*Am. Bankers Ass'n v. Nat'l Credit Union Admin.*,
  271 F.3d 262 (D.C. Cir. 2001) ........................................................................ 7

*Am. Nat'l Ins. Co. v. FDIC*,
  642 F.3d 1137 (D.C. Cir. 2011) ..................................................................... 5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................................................... 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...................................................................................... 5

*Bennett v. Spear*,
  520 U.S. 154 (1997) ...................................................................................... 7

*Coal. for Pres. of Hisp. Broad. v. FCC*,
  931 F.2d 73 (D.C. Cir. 1991) .................................................................... 6, 8

*Dalton v. Specter*,
  511 U.S. 462 (1994) ...................................................................................... 7

*Dennis P. Corbett*,
  Letter Decision, 38 FCC Rcd 1084 (MB, 2023) ........................................... 4

*Fund for Animals, Inc. v. U.S. Bureau of Land Mgmt.*,
  460 F.3d 13 (D.C. Cir. 2006) ........................................................................ 7

*Golden v. Mgmt. & Training Corp.*,
  266 F. Supp. 3d 277 (D.D.C. 2017) ............................................................. 5

*Harris v. Holder*,
  885 F. Supp. 2d 390 (D.D.C. 2012) ............................................................. 6

*Herbert v. Nat'l Acad. of Scis.*,
  974 F.2d 192 (D.C. Cir. 1992) ...................................................................... 5

*In re Nat'l Broad. Co.*,
  16 FCC 2 947 (1969) ..................................................................................... 8

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ................................................................................... 5, 9

*Marshall Cnty. Health Care Auth. v. Shalala*,
  988 F.2d 1221 (D.C. Cir. 1993) .................................................................... 7

*McKart v. United States*,
   395 U.S. 185 (1969)........................................................................................7

*Nat'l Min. Ass'n v. McCarthy*,
   758 F.3d 243 (D.C. Cir. 2014)......................................................................7

*Nat'l Park Hosp. Ass'n v. Dept. of the Interior*,
   538 U.S. 803 (2003)........................................................................................7

*New*,
   *World Radio*, 294 F.3d..............................................................................9, 10

*New World Radio, Inc. v. FCC*,
   294 F.3d 164 (DC. Cir. 2002)......................................................................9

*Steel Co. v. Citizens for a Better Env't*,
   523 U.S. 83 (1998)..........................................................................................5

*Thomas v. Principi*,
   394 F.3d 970 (D.C. Cir. 2005)......................................................................5

*United States v. Mitchell*,
   463 U.S. 206 (1983)........................................................................................6

Statutes

5 U.S.C. § 704................................................................................................7

5 U.S.C. §§ 551–559......................................................................................6

28 U.S.C. §§ 2341..........................................................................................8

47 U.S.C. 309(a)............................................................................................2

47 U.S.C. § 307(a)..........................................................................................2

47 U.S.C. § 307(c)..........................................................................................2

47 U.S.C. § 309(d)(1)....................................................................................2

47 U.S.C. § 309(k)......................................................................................2, 8

47 U.S.C. § 309(k)(1)....................................................................................3

47 U.S.C. § 312..............................................................................................3

47 U.S.C. § 402(b)..........................................................................................6

47 U.S.C. § 405..............................................................................................8

47 U.S.C. §§ 402(b)(1) ............................................................................................................ 8

Regulations

47 C.F.R. §1.115 ...................................................................................................................... 4

47 C.F.R. § 0.61(a) .................................................................................................................. 2

47 C.F.R. § 1.41 ...................................................................................................................... 8

47 C.F.R. §§ 1.106(a) ......................................................................................................... 4, 8

47 C.F.R. §§ 73.1020(b) .......................................................................................................... 2

Joe Alter, a California resident acting pro se, brings this action against the FCC, appearing to allege that the FCC should revoke broadcasting licenses issued to the Fox Corporation. *See generally* Compl. (ECF No. 1). Alter does not allege any procedural deficiencies in the FCC's issuance of any particular broadcasting license or specify an FCC action he contests. Rather, Alter takes issue with the nature and conduct of the Fox Corporation more generally, alleging that it is owned by an Australian media conglomerate and "seems to engage in a particularly egregiously trafficking of politically motivated lies and misinformation." *Id*. ¶ 5. Alter fails to identify a statutory basis for jurisdiction; he merely alleges that "FCC's regulations are discretionary . . . and are therefore reviewable by the court for abuse due to action or inaction." *Id*. ¶ 12. Without a waiver of the United States' sovereign immunity (which Alter does not allege as a basis for this Court's jurisdiction), this suit fails at the outset. Even if the Court were to liberally construe Alter's Complaint (due to his pro se status), the APA does not provide a viable method for this Court's review since Alter has not identified what specific FCC decision Alter contests, nor did he administratively exhaust any remedies, such as filing informal objections to the renewal of any broadcast license granted to Fox or request revocation of any Fox license with the FCC. In addition, Fox's most recent license renewal application for its Philadelphia station was pending at the time of Alter's Complaint, and so even if Alter intended to object to the renewal of that license, there was no final agency action that Alter could appeal to a federal court. And even if there had been a final agency action by the FCC, any suit to challenge that action would only be proper in the United States Courts of Appeals. As a final matter, Alter lacks standing because he has not alleged an injury in fact—there is no basis to believe that Alter's allegation of Fox's purported dissemination of misinformation to others involves a legally protected interest or that the continuance of a Fox license has harmed Alter. The Court should therefore dismiss the Complaint.

## BACKGROUND

The FCC, an independent federal agency, issues licenses to broadcast stations.  Pursuant to the procedures in the Communications Act of 1934, those seeking to operate a broadcasting station may apply for a license, which the FCC grants "if public convenience, interest, or necessity will be served" by such an application.  47 U.S.C. § 307(a); *see* 47 U.S.C. 309(a).  Licenses are granted for up to eight years.  47 U.S.C. § 307(c).  The licensee may apply to renew a broadcast station license in accordance with the FCC's license renewal procedures.  47 U.S.C. § 309(k); *see also* License Renewal Applications for Television Broadcast Stations, FCC, https://www.fcc.gov/media/television/broadcast-television-license-renewal (last accessed Jan. 23, 2025).  The FCC has delegated authority to administer its licensing program for broadcast television, including processing the renewal of licenses, among other services, to its Media Bureau.  47 C.F.R. § 0.61(a).  During the application process for renewing a broadcast license, "viewers of the stations whose licenses are being renewed may participate in the process by filing a Petition to Deny or informal objection against a renewal."  License Renewal Applications for Television Broadcast Stations, FCC, https://www.fcc.gov/media/television/broadcast-television-license-renewal (last accessed Jan. 23, 2025).  The process and requirements for filing a petition to deny or informal objections to a license renewal application are discussed in detail in the U.S. Code, Code of Federal Regulations, and on the FCC's website.  *Id.*; 47 U.S.C. § 309(d)(1); 47 C.F.R. §§ 73.1020(b) (station license period), 73.3516(e) (petition to deny renewal application), 73.3587 (informal objections).

The FCC will grant renewal of a broadcast station license if it finds that a station has served the public interest, has not committed any serious violations of the FCC's rules and regulations, and has not committed other violations of the FCC's rules and regulations that would constitute a

pattern of abuse.  47 U.S.C. § 309(k)(1).  The FCC may also revoke a station license under certain circumstances set forth in Section 312 of the Communications Act.  47 U.S.C. § 312.

Fox Television Stations, LLC ("Fox Television") owns and operates twenty-nine full power broadcast television stations in the United States.  *See* https://foxcareers.com/OurBrands/FOXTVStations (last accessed Jan. 23, 2025).  Its parent company is the Fox Corporation.  *See* https://foxcareers.com/OurBrands/FoxCorporation (last accessed Jan. 23, 2025).  Fox News operates several services, including the Fox News Channel and Fox Business Network.  *See* https://foxcareers.com/OurBrands/FOXNewsMedia (last accessed Jan. 23, 2025).

On April 3, 2019, Fox Television filed a renewal application for its station WTXF-TV in Philadelphia, PA.  *See* Application for Renewal of License of WTXF-TV, LMS File No. 0000213362 (filed Apr. 3, 2023) ("the Application") (attached as Exhibit 1); https://www.tvtechnology.com/news/fox-urges-fcc-to-relicense-its-philadelphia-wtxf-tv-station (last accessed Jan. 23, 2025).  On July 3, 2023, the Media and Democracy Project, joined by several individuals, filed a petition to deny Fox's renewal application.  *See* Petition to Deny, LMS File No. 0000213362 (attached as Exhibit 5).  The FCC issued a Public Notice announcing that it had established a Media Bureau docket for the renewal proceedings, and explaining how third parties could make presentations to the Commissioners and Commission staff in the proceeding.  *See* FCC Public Notice, Commission Announces Permit-But-Disclose Ex Parte Status and Establishes MB Docket No. 23-293 for Application for Renewal of License of WTXF-TV, Philadelphia, Pennsylvania, DA 23-752 (Aug. 23, 2023) (attached as Exhibit 2).  Alter, a resident of Westlake Village, California, Compl. (ECF No. 1) ¶ 1, did not file anything in the docket or otherwise with

the Commission to challenge Fox's renewal application for station WTXF-TV. *See* Melissa Raggi Decl. (attached as Exhibit 3).

On January 16, 2025, the Media Bureau granted the license renewal application for station WTXF-TV. *See* Jan. 16, 2025, Mem. Op. & Order (attached as Exhibit 4). The license renewal grant is not final, however, until forty days after the release of the decision, as long as no party has filed a petition for reconsideration, application for review, or neither the Bureau nor the Commission has decided to consider the decision on its own motion. *See* 47 C.F.R. §§ 1.106(a), 1.113(a), 1.115(a), 1.117(a); *Dennis P. Corbett,* Letter Decision, 38 FCC Rcd 1084, 1087 (MB, 2023) (license cancellation final 40 days after cancellation notice); 47 C.F.R. §1.115

Alter filed this suit on February 23, 2024, and served the U.S. Attorney's Office on or about August 19, 2024. *See* Aff. of Serv., ECF No. 9. On October 15, 2024, Defendant filed a motion to extend its answer deadline from October 18, 2024, through December 2, 2024, which this Court granted. *See* Mot. to Extend, ECF No. 13; Min. Order of Oct. 15, 2024. Consistent with the Standing Order applicable to this matter (ECF No. 8), Defendant filed a pre-motion notice on December 2, 2024 (ECF No. 14). On December 12, 2024, the Court ordered Defendant to file its motion to dismiss, the deadline for which the Court extended through January 24, 2025, upon granting Defendant's consent motion (ECF No. 16). *See* Dec. 23, 2024, Min. Order. Also consistent with the Standing Order (ECF No. 8), Defendant's filing of its pre-motion notice triggered the provisions of Rule 12(a)(4), such that Defendant's time to file a responsive pleading has been extended and Defendant has preserved the defenses identified in Defendants' pre-motion notice. *See* Def's Pre-Motion Not. (ECF No. 14) at n.1.

## LEGAL STANDARDS

### I.    Rule 12(b)(1)

Under Rule 12(b)(1), a plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the "statutory or constitutional power to adjudicate the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998).  A court considering a Rule 12(b)(1) motion must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'"  *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)).  A court may examine materials outside the pleadings as it deems appropriate to resolve the question of its jurisdiction.  *See Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

### II.    Rule 12(b)(6)

A motion to dismiss Rule 12(b)(6) assesses the sufficiency of a complaint, testing whether the plaintiff has pled sufficient facts to state a claim that is plausible on its face.  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  A complaint warrants dismissal if it fails to state a claim upon which relief can be granted.  Rule 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Golden v. Mgmt. & Training Corp.,* 266 F. Supp. 3d 277, 281 (D.D.C. 2017) (citing *Twombly*, 550 U.S. at 555; observing that a court need not accept a

plaintiff's legal conclusions as true, nor must a court presume the veracity of the legal conclusions that are couched as factual allegations).

## ARGUMENT

### I.   Alter Has Failed to Assert a Valid Basis for the Waiver of the United States' Sovereign Immunity.

As an initial matter, Alter has not identified the legal authority that allows him to maintain a suit against the FCC or, for that matter, any legal authority that waives the United States' sovereign immunity.  The United States, including federal agencies, "may not be sued without its consent," and "the existence of consent is a prerequisite for jurisdiction."  *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  The government's consent to be sued may not be implied; it must be "unequivocally expressed."  *Harris v. Holder*, 885 F. Supp. 2d 390, 397 (D.D.C. 2012).  Without a waiver of sovereign immunity, the court lacks jurisdiction to entertain Alter's claims against the FCC.  *See id.*  Further, it is unclear what type of claim Alter purports to assert against the FCC, for not only has he has omitted any citation supporting his claim, but he also has not identified any authority suggesting that the United States has consented to be sued for his purported claims.  For these reasons, Defendant respectfully requests that the Court dismiss Alter's Complaint for the lack of subject matter jurisdiction and failure to state a claim.

### II.   Alter Failed to Exhaust His Administrative Remedies.

Although Alter does not allege a violation of the APA, let alone a violation of any statute, absent Alter's exhaustion of administrative remedies and a final agency action, he can obtain no relief in this suit.  *See* 47 U.S.C. § 402(b) (describing the process for seeking review of FCC decisions); *see also Coal. for Pres. of Hisp. Broad. v. FCC*, 931 F.2d 73, 76 (D.C. Cir. 1991).

In a suit seeking judicial review of agency action under the standards of the APA, 5 U.S.C. §§ 551–559, 701–706, the "entire case on review is a question of law, and only a question of law."

*Marshall Cnty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993). An APA suit can be resolved on a motion to dismiss, without examination of the administrative record, where the dispute involves competing interpretations of statutes and regulations. *See Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 271 F.3d 262, 266–67 (D.C. Cir. 2001) (noting that a claim that agency action is contrary to statute can be resolved without examining an administrative record). The APA limits review to "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704 (emphasis added). Finality is a "threshold question" that determines whether judicial review is available under the APA. *See Fund for Animals, Inc. v. U.S. Bureau of Land Mgmt.*, 460 F.3d 13, 18 (D.C. Cir. 2006). "An agency action is final only if it is *both* 'the consummation of the agency's decisionmaking process' and a decision by which 'rights or obligations have been determined' or from which 'legal consequences will flow.'" *Nat'l Min. Ass'n v. McCarthy*, 758 F.3d 243, 250 (D.C. Cir. 2014) (quoting *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997)) (emphasis in original). Further, the ripeness doctrine "prevents the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies" and "protects agencies from judicial interference until an administrative decision has been finalized and its effects felt in a concrete way by the challenging parties." *Nat'l Park Hosp. Ass'n v. Dept. of the Interior*, 538 U.S. 803, 807-808 (2003) (cleaned up). As such, a party is not "entitled to judicial relief . . . until the prescribed administrative remedy has been exhausted." *McKart v. United States*, 395 U.S. 185, 193 (1969); *see also Dalton v. Specter*, 511 U.S. 462, 469 (1994) ("The APA provides for judicial review only of '<u>final</u> agency action.'" (quoting 5 U.S.C. § 704)).

Alter does not allege which specific FCC action he challenges, and on this basis, his claims fail under Rule 12(b)(6). Moreover, in any event, Alter does not claim (nor does the FCC have

any record) that he either (1) challenged Fox Television's most recent license renewal application for WTXF-TV in Philadelphia, PA through a petition to deny or an informal objection or (2) made a request to the FCC to revoke any of Fox Television's broadcasting licenses.  *See* Melissa Raggi Decl. (attached as Exhibit 3); *see also* 47 U.S.C. § 309(k); *In re Nat'l Broad. Co.*, 16 FCC 2d 947, 948, ¶ 5 n.3 (1969) (although "neither the Communications Act nor the Commission's rules" set forth a formal procedure for seeking revocation of a broadcast license, the Commission addresses petitions for revocation of a license as an informal request for action under 47 C.F.R. § 1.41).

Further, Fox Television's application for renewal of WTXF-TV's license was currently pending at the time Alter filed suit, and although it was granted last week, it is not yet final; therefore, the grant of the application is not final agency action ripe for judicial review.  *See* Ex. 4; *Dennis P. Corbett,* Letter Decision, 38 FCC Rcd 1084, 1087 (MB, 2023) (license cancellation final 40 days after cancellation notice); *see also* 47 C.F.R. §§ 1.106(a) (petition for reconsideration), 1.113(a) (the decision-maker may set aside its decision), 1.115(a) (application for review), 1.117(a) (review on motion of the Commission).

Even had Alter exhausted his administrative remedies, judicial review of the FCC's decision-making would have to have occurred in the United States Court of Appeals for the District of Columbia Circuit, which has exclusive jurisdiction for challenges to the FCC's orders related to licensing matters.  *See* 47 U.S.C. §§ 402(b)(1), (3); 28 U.S.C. §§ 2341 *et seq*.  Because Alter did not administratively exhaust any FCC decisions that he now purports to contest and the grant of Fox Television's application for renewal of Station WTXF-TV is not yet final, the Court should dismiss Alter's Complaint.

### III.    <u>Alter Does Not Have Standing.</u>

Alter also lacks standing.  To establish standing, Alter must allege "(1) an injury-in-fact that is (2) 'fairly traceable' to the defendant's conduct and (3) likely to be redressed by a favorable judicial decision." *New World Radio, Inc. v. FCC,* 294 F.3d 164 (DC. Cir. 2002) (citation omitted); *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992).  As to injury-in-fact, Alter must demonstrate "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical."  *New World Radio*, 294 F.3d at 372. Alter alleges that "Fox is owned by an Australian media conglomerate and seems to engage in a particularly egregious trafficking of politically motivated lies and misinformation, much of which is originated from outside the US, and is specifically designed to manipulate the outcomes of US elections."  Compl. (ECF No. 1) ¶ 5.  Such a statement does not, however, establish Plaintiff's standing.  To the contrary, the Complaint fails to identify the first requisite for standing—a legally protected interest.  Alter suggests that Fox engages in the dissemination of false information, but Alter has not shown that Fox's alleged failure to broadcast news in a way that Alter views as correct and factually based infringes on a legally protected interest of Alter.  Further, the Complaint fails plausibly to state any harm that stems from Fox's broadcasting.  While Alter seems to allege an injury on behalf of the American public because of Fox News's alleged public dissemination of false information, he has not alleged that the alleged harm has resulted in harm to him that is concrete and particularized.  *See New World Radio*, 294 F.3d at 372.  Thus, Alter lacks standing, and dismissal accordingly is appropriate for lack of subject matter jurisdiction.

\*     \*     \*

**CONCLUSION**

For these reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint.

Dated: January 24, 2025

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:        */s/ Dedra S. Curteman*
       DEDRA S. CURTEMAN,
       D.C. Bar #90021492
       Assistant United States Attorney
       601 D Street, NW
       Washington, DC 20530
       (202) 252-2550

*Attorneys for the United States of America*

,