UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOE ALTER,<br><br>      *Plaintiff*,<br><br>  v.<br><br>FEDERAL COMMUNICATIONS COMMISSION,<br><br>      *Defendant*. | Civil Action No. 24-00745 (AHA) |

**Memorandum Opinion**

Plaintiff Joe Alter filed this *pro se* suit against the Federal Communications Commission (FCC), asserting the agency has a duty to prevent Fox News from spreading misinformation and has violated that duty by not revoking the network's broadcasting licenses. The FCC moves to dismiss the complaint, arguing that this Court lacks subject-matter jurisdiction and that the complaint fails to state a claim. The Court agrees that it lacks subject-matter jurisdiction to consider Alter's claims and grants the motion to dismiss.

**I.    Background[1]**

Alter alleges that Fox News "seems to engage in a particularly egregious trafficking of politically motivated lies and misinformation" that is "specifically designed to manipulate the outcomes of US elections." ECF No. 1 ¶ 5. Fox's tactics have "caused the country at large great harm" by "tampering with American's [sic] ability to get accurate information." *Id*. ¶¶ 8, 9. Alter

---

[1]  As required at the pleading stage, the Court accepts the complaint's well-pled factual allegations and draws all reasonable inferences in Alter's favor. *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015).

asserts that the FCC has an obligation to protect the American people by "pulling Fox New's [sic] license." *Id.* ¶ 9. He asks this Court to "[c]ompel the FCC to revoke Fox Corps broadcasting licenses immediately until they can put a plan into place to correct the damage" and, in support of that goal, seeks discovery into the "false programming to convey a political narrative that [Fox] continue[s] to this day." *Id.* ¶¶ 18, 19. The FCC has moved to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

**II.    Legal Standard**

To survive dismissal under Rule 12(b)(1), a plaintiff must show that the Court has subject-matter jurisdiction to hear their claim. *See Shuler v. United States*, 531 F.3d 930, 932 (D.C. Cir. 2008). Where, as here, there is no diversity jurisdiction, this includes showing that "federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (citation omitted). It also includes showing that the plaintiff has standing to pursue that federal question. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). "To establish Article III standing, the plaintiff must have 'suffered an injury in fact' that 'is fairly traceable to the challenged action of the defendant' and it must be 'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Banner Health v. Price*, 867 F.3d 1323, 1333–34 (D.C. Cir. 2017) (quoting *Friends of the Earth v. Laidlaw Env'tl. Servs.*, 528 U.S. 167, 180–81 (2000)). "Setting 'mere conclusory statements' aside, the complaint must contain 'sufficient factual matter, accepted as true,' to support an inference of standing 'that is plausible on its face.'" *Air Excursions LLC v. Yellen*, 66 F.4th 272, 277 (D.C. Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**III.    Discussion**

Although Alter's complaint does not identify a cause of action, the Court is mindful of its obligation to construe *pro se* complaints liberally. *See Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 583 (D.C. Cir. 2002). Alter alleges that "FCC's regulations are discretionary" and "are therefore reviewable by the court for abuse due to action or inaction." ECF No. 1 ¶ 12. And, as a remedy, he asks this Court to compel the FCC "to revoke Fox Corps broadcasting licenses." *Id.* ¶ 18. The Court accordingly understands Alter to assert a challenge to the FCC's decision to grant or fail to revoke a license. As explained below, however, this Court lacks jurisdiction over such a claim, both because this Court cannot review FCC orders related to licensing and because Alter has not shown standing to assert the claim.

**A.  This Court Lacks Jurisdiction To Review FCC Licensing Decisions.**

Congress designed a specific process for judicial review of FCC decisions, including those related to licensing, and that process channels review to the courts of appeals generally or to the D.C. Circuit specifically, not this Court. Section 402 of the Communications Act "describes two mutually exclusive channels for the review of FCC decisions." *Vernal Enters., Inc. v. FCC*, 355 F.3d 650, 655 (D.C. Cir. 2004). First, § 402(a) addresses actions to "enjoin, set aside, annul, or suspend" FCC orders and provides that such actions "shall be brought as provided by and in the manner prescribed in" the Hobbs Act. 47 U.S.C. § 402(a). That Act, in turn, provides that courts of appeal have "exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of" orders made reviewable by § 402(a). 28 U.S.C. § 2342(1). Second, § 402(b) allows parties to appeal FCC decisions and orders to the D.C. Circuit in enumerated situations, including several that "involve the Commission's licensing authority." *Vernal Enters.*, 355 F.3d at 655 (citing 47 U.S.C. § 402(b)); *see also PSSI Glob. Servs., L.L.C. v. FCC*, 983 F.3d 1, 6 (D.C. Cir. 2020).

3

Alter's claim appears to fit most naturally within § 402(b), which permits an appeal by a "person who is aggrieved or whose interests are adversely affected by any order of the Commission granting or denying" a station license. 47 U.S.C. § 402(b)(6). But no matter which of the two routes to judicial review applies, this Court cannot exercise jurisdiction. *See FCC v. ITT World Commc'ns, Inc.*, 466 U.S. 463, 468 (1984) (explaining that under § 402(a), "[e]xclusive jurisdiction for review of final FCC orders . . . lies in the Court of Appeals" and "[l]itigants may not evade these provisions by requesting the District Court to enjoin action that is the outcome of the agency's order"); *City of Rochester v. Bond*, 603 F.2d 927, 934 (D.C. Cir. 1979) (explaining that § 402(b) is an "exclusive mode of judicial review" and describing how "the district court was without jurisdiction" to consider a case challenging the FCC's grant of a radio broadcasting license because "the appeal provided by section 402(b) afforded a plain, adequate, and complete remedy at law" (internal quotation marks and citation omitted)).[2]

### B. Alter Has Not Plausibly Alleged Facts That Establish Standing.

To show standing, the complaint "must state a plausible claim that the plaintiff has suffered an injury in fact." *Humane Soc'y of the U.S. v. Vilsack*, 797 F.3d 4, 8 (D.C. Cir. 2015). "Injury in fact" means "an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Defs. of Wildlife*, 504 U.S. at 560 (internal quotation marks and citation omitted). Here, Alter has not plausibly alleged such injury.

Alter's complaint states that he has an interest in suing because he "is simply an American voter, who is concerned about the spiraling pattern of lying about our elections [and] is not

---

[2] The FCC contends that, to the extent Alter seeks review under the Administrative Procedure Act, Alter has failed to exhaust remedies and identify a final agency action he challenges. Alter's pleadings appear to concede that he did not take any steps to satisfy an exhaustion requirement. ECF No. 18 at 2–3. Given the jurisdictional obstacles to Alter's claim, the Court does not reach these additional arguments. ECF No. 17 at 6.

specifically damaged in ways that a significant portion of the American public is damaged." ECF No. 1 ¶ 13. In later pleadings, Alter acknowledges this is "diffuse harm" but states "we ALL have a right to know why the FCC has not addressed Fox's practices." ECF No. 25 at 3, 4. Alter's briefing also offers some more specific allegations that could be construed as an argument for standing—for example, that he lives near Los Angeles and worried about how he would receive accurate information during the 2025 wildfires, and that his family belongs to a category of people Fox News regularly denigrates in its "war on woke." ECF No. 20 at 1–2; ECF No. 32 at 2; *see Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) (holding that "a district court errs in failing to consider a *pro se* litigant's complaint in light of all filings, including filings responsive to a motion to dismiss" (internal quotation marks and citation omitted)).

Most of Alter's allegations fall in the category of "undifferentiated, generalized grievance about the conduct of government" that the Supreme Court has rejected as a basis for standing. *Lance v. Coffman*, 549 U.S. 437, 442 (2007). "A litigant 'raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy.'" *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013) (quoting *Defs. of Wildlife*, 504 U.S. at 573–74) (explaining that concerned bystanders who wish to vindicate value interests by suing but have no personal stake that is "distinguishable from the general interest" of the population at large are not injured in the Article III sense). The remainder of Alter's allegations, whether about Fox's reporting on the wildfires or its coverage of social issues, are too "conjectural," "hypothetical," or "conclusory" to show standing. *See Defs. of Wildlife*, 504 U.S. at 560 (citation omitted); *Iqbal*, 556

5

U.S. at 681. Because Alter has not plausibly identified a "particularized stake in the litigation," he has not shown injury in fact. *Lance*, 549 U.S. at 442.[3]

## IV. Conclusion

For these reasons, the Court grants the FCC's motion and dismisses Alter's claims without prejudice. A separate order accompanies this memorandum opinion.

_____
AMIR H. ALI
United States District Judge

Date:   May 21, 2025

---

[3] Alter relies on *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), to argue that he "need not demonstrate direct personal harm to challenge the agency's inaction." ECF No. 18 at 4. But *Loper Bright* did not affect the injury-in-fact requirement for Article III standing.